UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV-12-6304-CAS (CWx) | Date | August 23, 2012 |
|---|---|---|---|
| Title | WESCOM CENTRAL CREDIT UNION v. FELIPE SANTILLAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

On May 3, 2012, plaintiff Wescom Central Credit Union filed an unlawful detainer action in Los Angeles County Superior Court against *pro se* defendants Felipe Santillan and Anabel Santillan. On July 23, 2012, defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1331. Defendants asserted various federal defenses in their notice of removal. See Dkt. No. 1. On August 1, 2012, the Court issued an order to show cause as to why this action should not be remanded for lack of subject matter jurisdiction.

On August 22, 2012, plaintiff filed a memorandum in support of remanding the matter to state court. Defendants then filed a response to the order to show cause on August 21, 2012. In their response, defendants assert that since the foreclosure sale was conducted illegally, this amounts to a takings through the use of the state court's power. Response at 2. They further argue that judges in state court regularly evict defendants from their home without due process of law. Id. Furthermore, they argue that this Court has jurisdiction under 28 USC § 1443 because the case implicates issues of constitutional rights. In addition, defendants allege that their removal is timely because removal is always appropriate on the basis of subject matter jurisdiction. Id. at 6.

As an initial matter, the Court finds that the notice of removal was untimely. Pursuant to 28U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was filed on May 3, 2012, yet defendants did not remove until July 23, 2012. For this reason alone, remand is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV-12-6304-CAS (CWx) | Date | August 23, 2012 |
|---|---|---|---|
| Title | WESCOM CENTRAL CREDIT UNION v. FELIPE SANTILLAN, ET AL. | | |

Furthermore, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. No. 1. Defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses, even though defendants here have asserted many. McAtee, 479 F.3d at 1145. Accordingly, the Court lacks subject matter jurisdiction and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

In accordance with the foregoing, the action is hereby REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |